CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUL 31 2007

JOHN F. CORCORAN, CLERK
BY:
     DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| PETER A. CALE, | ) |
| | ) Civil Action No. 5:06CV00114 |
| Plaintiff, | ) |
| | ) |
| v. | ) **MEMORANDUM OPINION** |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| Commissioner of Social Security, | ) By:   Hon. Glen E. Conrad |
| | ) United States District Judge |
| Defendant. | ) |

Plaintiff has filed this action challenging the final decision of the Commissioner of Social Security denying plaintiff's claim for supplemental security income benefits under the Social Security Act, as amended, 42 U.S.C. § 1381 et seq. Jurisdiction of this court is pursuant to 42 U.S.C. § 1383(c)(3), which incorporates § 205(g) of the Social Security Act, 42 U.S.C. § 405(g). As reflected by the memoranda and argument submitted by the parties, the issues now before the court are whether the Commissioner's final decision is supported by substantial evidence, or whether there is "good cause" to necessitate remanding the case to the Commissioner for further consideration. See 42 U.S.C. § 405(g).

The plaintiff, Peter A. Cale, was born on August 3, 1959, and eventually reached the tenth grade in school. Mr. Cale has worked primarily in the restaurant industry, performing a variety of jobs. He has also worked in a sheltered workshop. Plaintiff last worked on a regular basis in early 2004. On January 12, 2004, Mr. Cale filed an application for supplemental security income benefits. Plaintiff alleged that he became disabled for all forms of substantial gainful employment on November 4, 2003 due to chronic obstructive pulmonary disease, panic attacks, back and leg pain,

asthma, acute bronchitis, allergies, shortness of breath, and internal hernia. Plaintiff now maintains that he has remained disabled to the present time.

Mr. Cale's claim was denied upon initial consideration and reconsideration. He then requested and received a *de novo* hearing and review before an Administrative Law Judge. In an opinion dated June 12, 2006, the Law Judge also determined that Mr. Cale is not disabled. The Law Judge found that plaintiff suffers from severe impairments, including chronic obstructive pulmonary disease and pain in his legs and back. Because of these conditions, the Law Judge ruled that Mr. Cale is disabled for his past relevant work roles. However, the Law Judge found that Mr. Cale retains sufficient functional capacity for a full range of sedentary exertion. Given a residual functional capacity for sedentary exertion, and after considering plaintiff's age, education, and prior work experience, the Law Judge applied the medical vocational guidelines so as to conclude that Mr. Cale retains sufficient functional capacity to perform several specific sedentary work roles which exist in significant number in the national economy. See, gen., 20 C.F.R. § 416.969, and Rules 201.18 and 201.24 of Appendix II to Subpart P of the Administrative Regulations Part 404. Accordingly, the Law Judge ultimately concluded that Mr. Cale is not disabled, and that he is not entitled to supplemental security income benefits. See 20 C.F.R. § 416.920(g). The Law Judge's opinion was adopted as the final decision of the Commissioner by the Social Security Administration's Appeals Council. Having exhausted all available administrative remedies, Mr. Cale has now appealed to this court.

While plaintiff may be disabled for certain forms of employment, the crucial factual determination is whether plaintiff was disabled for all forms of substantial gainful employment. See 42 U.S.C. § 1382c(a). There are four elements of proof which must be considered in making such

2

an analysis. These elements are summarized as follows: (1) objective medical facts and clinical findings; (2) the opinions and conclusions of treating physicians; (3) subjective evidence of physical manifestations of impairments, as described through a claimant's testimony; and (4) the claimant's education, vocational history, residual skills, and age. Vitek v. Finch, 438 F.2d 1157, 1159-60 (4th Cir. 1971); Underwood v. Ribicoff, 298 F.2d 850, 851 (4th Cir. 1962).

After a review of the record in this case, the court is unable to conclude that the Commissioner's final decision is supported by substantial evidence. The court believes that the medical record supports the Law Judge's finding that Mr. Cale retains sufficient <u>physical</u> capacity for a full range of sedentary work activity. For that matter, the court believes that most of the Law Judge's findings are supported by substantial evidence, including the determination that plaintiff's breathing problems are not so severe as to affect the performance of the sedentary work roles for which plaintiff is otherwise physically capable. However, the court finds that the medical record does not support the Law Judge's determination that plaintiff's depression/anxiety does not constitute a severe impairment. In reaching this conclusion, the Law Judge held that, despite a finding of severe depression in September 2005, Mr. Cale's depressive symptomatology is only situational and not so persistent as to meet the duration requirement for a "disability" under the Social Security Act. See 1382c(a)(3)(A). The court believes that the medical record clearly establishes that plaintiff's emotional symptomatology has been present for a number of years, and that the condition is so severe as to affect Mr. Cale's performance of the sedentary work roles for which he is otherwise physically capable. Accordingly, the court finds "good cause" for remand of this case to the Commissioner for further development and consideration.

3

A review of the medical record reveals that Mr. Cale was first found to be in need of psychiatric services for treatment of severe anxiety in 1987. (TR 146-47). In 2000, plaintiff was hospitalized after notation of suicidal ideation. (TR 148). In 2003, Mr. Cale was treated on several occasions for depression and anxiety. (TR 176). On December 23, 2003, plaintiff was treated at the University of Virginia Medical Center for anxiety, with "some symptoms of manic phases." (TR 166). On February 11, 2004, during a follow-up visit at the University of Virginia Medical Center, Mr. Cale's chronic anxiety was said to be stable. Based on the medical record as of June 23, 2004, a state agency psychologist determined that plaintiff's emotional symptomatology was mild and controlled with routine medications. (TR 218-30).

Some time in the fall of 2005, Mr. Cale began to experience increased emotional lability. He sought treatment at the Valley Community Services Clinic, where he was evaluated by Dr. James Krag, a psychiatrist. Based on plaintiff's past psychiatric history, and a clinical examination, Dr. Krag diagnosed severe, recurrent major depressive disorder with possible psychotic features and possible bipolar disorder. Dr. Krag diagnosed plaintiff's GAF as 40-50.[1] The psychiatrist noted that Mr. Cale might again need hospitalization and would require continuing monitoring for suicidality. (TR 321). Dr. Krag confirmed his diagnosis following an office visit on November 15, 2005. (TR 317). The counselor who saw Mr. Cale, under Dr. Krag's supervision, reported on December 21, 2005 that plaintiff had separated from his wife, and that he had been drinking heavily. (TR 315).

---

[1] The global assessment of functioning, or GAF, is used to report the clinician's judgment of the subject's overall level of functioning. A score of between 50 and 41 is indicative of serious symptoms or any serious impairment in social, occupational, or school functioning. American Psychiatric Association: *Diagnostic and Statistical Manual of Mental Disorders*, Fourth Edition, Text Revision. Washington, D.C., American Psychiatric Association, 2000. P. 48.

4

The Administrative Law Judge assessed the more recent reports from plaintiff's mental health treatment as follows:

> In September 2005, he sought treatment from Valley Community Services for anxiety and depression. Counseling was recommended. His substance abuse was not considered a central issue because he has been clean for many years except for some occasional alcohol use. His mental status exam was normal (Exhibit 14F). However, in December 2005, he and his wife separated and he began drinking heavily (Exhibit 20F). There is no evidence that his symptoms will persist for a period of 12 months or more. Moreover, at the hearing, the claimant stated that he stopped drinking. He did not testify to any severe functional limitations due to depression or anxiety. Therefore, the undersigned is unable to find that his alleged depression and/or anxiety are severe impairments. (TR 19).

The court is unable to conclude that the Law Judge's assessment is supported by substantial evidence. Indeed, the court believes that certain of the Law Judge's findings are clearly inconsistent with the medical record. The simple fact is that Mr. Cale has been treated for depression and anxiety for many years. Beginning in early 2005, he was seen on a regular basis at the University of Virginia Medical Center, where he had a number of treatment sessions with a psychiatrist whose reports are not part of the present administrative record. (TR 288-306). At the time of plaintiff's first evaluation by Dr. Krag, the psychiatrist noted that plaintiff had been receiving psychiatric treatment for about a year, with a working diagnosis of bipolar disorder. (TR 319-20). Simply stated, the record does not support the notion that plaintiff's emotional symptomatology is episodic, or that the condition has not persisted for at least a year. As for the Law Judge's comment suggesting that Mr. Cale's problems are situational, based on his marital difficulties, the court notes that plaintiff was treated for bipolar disorder for over a year before he separated from his wife. The court concludes that the Law Judge's treatment of the nonexertional impairments in Mr. Cale's case is not supported by substantial evidence.

5

Given the nature and persistence of plaintiff's psychiatric difficulties, the court also believes that the Commissioner erred in relying strictly upon the medical vocational guidelines in assessing Mr. Cale's capacity for alternate work roles. In Grant v. Schweiker, 699 F.2d 189 (4th Cir. 1983), a panel of the United States Court of Appeals for the Fourth Circuit concluded that the medical vocational guidelines are inapplicable in cases such as this where nonexertional impairments exist in combination with exertional limitations. In considering such a combination of exertional and nonexertional impairments, Chief Judge Winter stated in Grant as follows:

> Manifestly, if Grant demonstrates the presence of nonexertional impairments, the Secretary, in order to prevail, must be required to prove by expert vocational testimony that, despite Grant's combination of nonexertional and exertional impairments, specific jobs exist in the national economy which he can perform. The grids may satisfy the Secretary's burden of coming forward with evidence as to the availability of jobs the claimant can perform only where the claimant suffers solely from exertional impairments. To the extent that nonexertional impairments further limit the range of jobs available to the claimant, the grids may not be relied upon to demonstrate the availability of alternative work activities. Instead, in such cases the Secretary must produce a vocational expert to testify that the particular claimant retains the ability to perform specific jobs which exist in the national economy. See Taylor v. Weinberger, 512 F.2d 664 (4th Cir.1975) (requiring expert vocational testimony).

699 F.2d at 192.

In Smith v. Schweiker, 719 F.2d 723 (4th Cir. 1984), the Court stated that the proper inquiry under Grant is "whether a given nonexertional condition affects an individual's residual functional capacity to perform work of which he is exertionally capable. If the condition has that effect, it is properly viewed as 'nonexertional impairment,' thereby precluding reliance on the grids to determine a claimant's disability." 719 F.2d at 725.

In the instant case, it is clear that Mr. Cale suffers from definite and severe nonexertional impairments. Two different psychiatrists have treated plaintiff for bipolar disorder, and have reported clinical manifestations of depression and anxiety. While the Administrative Law Judge

6

dismissed these difficulties as limited in duration and situational in origin, the medical record confirms that Mr. Cale has suffered from psychiatric problems for many years, and that his difficulties have recently worsened in severity. It remains to be determined whether the manifestations of these impairments are such as to prevent plaintiff's performance of the sedentary work roles for which he is otherwise physically capable.

Under the controlling decisions in Grant v. Schweiker, supra, and Smith v. Schweiker, supra, the court must conclude that the Law Judge's reliance on the medical vocational guidelines in assessing plaintiff's capacity for alternate work activities cannot be deemed to be supported by substantial evidence. In such cases, it is normally necessary for the Commissioner to receive the input from a vocational expert as to the combined impact of the claimant's exertional and nonexertional impairments. Grant v. Schweiker, supra.

For the reasons stated, the court finds "good cause" for remand of this case to the Commissioner for further consideration and development as to the issues stated above. If the Commissioner is unable to decide this case in plaintiff's favor on the basis of the existing record, the Commissioner will conduct a supplemental administrative hearing at which both sides will be allowed to present additional evidence and argument. An appropriate order of remand will be entered this day.

The clerk is directed to send certified copies of this opinion to all counsel of record.

DATED: This 31st day of July, 2007.

                                                      /s/ Glen Conrad
                                                     United States District Judge